IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BILLY RAY WADLINGTON                                                                                    PLAINTIFF

V.                                        CIVIL NO. 1:11-cv-01045

STEVEN VESTAL; JOSH NEWTON;
LARRY WEAVER; and CLARK BURTON                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Billy Wadlington, proceeds *pro se* and *in forma pauperis* in this section 1983 action. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting a jury trial, ordering entry of final judgment, and conducting all post-judgment proceedings. ECF No. 14. Currently before the Court is Plaintiff's Motion for Summary Judgment. ECF No. 53. Separate Defendant Weaver responded. ECF No. 61.

I.   BACKGROUND

Plaintiff filed this matter on July 20, 2011 and filed an Amended Complaint naming Larry Weaver as a Defendant on August 2, 2012. ECF No. 28. In his Amended Complaint, Plaintiff claims Weaver used excessive force against Plaintiff during his arrest. Specifically, Plaintiff claims: he was fleeing from officers in his truck; he drove his truck into the woods, down a hill, and into a saltwater disposal well; once stopped, the officers ordered him from his truck; when Plaintiff exited the truck, one officer hit Plaintiff on the head with his gun and then Weaver kicked and stomped on Plaintiff while he was on the ground. ECF No. 28.

II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.     DISCUSSION

Plaintiff argues that his Motion should be granted because the facts he asserts in his declaration and statement of facts are undisputed. Plaintiff asserts: (1) he was stopped by Union County Sheriff's officers; (2) he was dragged out of his truck; (3) one of the officers hit him in the head with their gun and knocked him to the ground; (4) Weaver then stomped on and kicked him while he was subdued. ECF No. 54, pp. 1-2. Plaintiff also asserts these actions by Weaver broke Plaintiff's "c-6 spinal bone," cut his face, and broke his tooth. ECF No. 55, p. 1. Plaintiff claims these facts are undisputed because Weaver failed to answer Plaintiff's Amended Complaint, and therefore, Plaintiff's Motion for Summary Judgment should be granted.

Weaver argues: (1) his Response should be considered even though it was filed out of time; (2) the facts are disputed as Weaver denies he assaulted Plaintiff, and instead, he only used the force necessary to arrest Plaintiff; and (3) Plaintiff's Motion is premature as a motion for summary judgment and effectively is nothing more than a second motion for default judgment. ECF No. 62.

Initially, the Court notes it will consider Weaver's Response as it has previously granted him leave to file the Response out of time. In this Order, the Court deemed Weaver's Response "timely filed." ECF No. 69. Therefore, the Court will consider it as such in this Opinion.

Additionally, Plaintiff's argument that the facts are undisputed lacks merit. Plaintiff predicates this argument on the fact Weaver did not timely respond to his Answer. This argument is more properly suited for a motion for default judgment, and Plaintiff has previously made it in one. The Court ruled on Plaintiff's Motions for Default Judgment by Order dated September 11, 2013. ECF No. 65. In that Order, the Court extensively discussed the docket, the parties filings, and the applicable law in this matter and held Weaver did not willful violate the court rules or demonstrate any contumacious conduct to warrant an entry of default against Weaver. Accordingly, the Court will not readdress that issue here.

Lastly, the Court will consider whether there are genuine issues of material fact in this matter. A claim that an officer used excessive force against a citizen in the course of an "arrest, investigatory stop, or other seizure" is properly analyzed under the "objective reasonableness standard" of the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 397 (1989) (internal quotations omitted). The relevant inquiry being whether the official's actions are "objectively reasonable in light of the facts and circumstances confronting [him]." *Id.* The reasonableness of the use of force is "judged from the perspective of a reasonable officer on the scene, rather than

with the 20/20 vision of hindsight." *Johnson v. Carroll,* 658 F.3d 819, 826 (8th Cir. 2011) (quoting *Graham,* 490 U.S. at 396). In considering whether the officer acted reasonably, the officers underlying intent and motivation is irrelevant. *Graham v. Connor,* 490 U.S. 386, 397 (1989). Further, an officer's evil intentions do not render an objectively reasonable use of force a violation of the Fourth Amendment. *Id.* In determining the reasonableness of a particular use of force, the Court should consider the particular circumstances of each case, including (1) "the severity of the crime at issue;" (2) "whether the suspect poses an immediate threat to the safety of the officer or others;" and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Shannon v. Koehler,* 616 F.3d 855, 862 (8th Cir. 2010).

Here, Plaintiff asserts, in his declaration, that Weaver kicked and stomped on him after he was on the ground and subdued. ECF No. 54, pp. 1-2. Weaver asserts by affidavit that he did not assault, kick, or stomp on Plaintiff at any time during the arrest. ECF No. 61-2. As the parties dispute the essential facts in this case, there are clearly genuine issues of material fact at this stage in the litigation. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED** this 21st day of March 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE